IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| PETER M. JOHNSON and LISA JOHNSON, husband and wife, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>HOME DEPOT U.S.A., INC, )<br>a foreign corporation, and JOHN )<br>DOE I and II, individuals, )<br>)<br>Defendants. )<br>_____ ) | **COPY**<br>Original Received<br><br>OCT 23 2008<br><br>Clerk of the Trial Courts<br><br><br><br>Case No. 3AN-08 11371 Civil |

## COMPLAINT

COMES NOW, Plaintiffs Peter M. Johnson and Lisa Johnson, husband and wife, by and through their counsel, the Law Office of Kenneth A. Norsworthy, LLC, and for their complaint against Defendants state and allege as follows:

1. Plaintiffs Peter M. Johnson and Lisa Johnson are husband and wife and reside together in the State of Alaska, Third Judicial District, at Anchorage.

2. Defendant Home Depot U.S.A., Inc. is a foreign corporation authorized to do business and is doing business in the State of Alaska, Third Judicial District at Anchorage.

LAW OFFICE OF KENNETH A. NORSWORTHY, LLC
733 West Fourth Avenue, Suite 400
Anchorage, Alaska 99501
Phone (907) 279-1000 · Fax: (907) 276-4125

*Johnson v Home Depot, et al* – Complaint
Page 1 of 3

Case 3:08-cv-00256-TMB   Document 1-3   Filed 11/18/08   Page 1 of 3

Exhibit B
Page 1 of 3 Pages

3. John Doe I and II are individuals residing in the State of Alaska, Third Judicial District, Anchorage, and at all times pertinent hereto were employed by Home Depot U.S.A., Inc. as store manager, assistant store manager and/or staff employee(s) of the 10480 Spur Highway, Kenai, Alaska store, acting within their scope of employment for Defendant Home Depot.

4. On or about September 9, 2007, Plaintiff Peter M. Johnson and another individual, Mike Rose, went to and entered the above described Home Depot store to make purchase lumber. As Mr. Johnson and Mr. Rose were loading 2x4 studs onto a customer use cart, Mr. Johnson stepped back and was tripped up by a heavy duty store use only cart, causing Mr. Johnson to fall backwards onto the cart striking his head on a center rail and his left shoulder on a side rail.

5. Defendant Home Depot is responsible for the acts and omissions of its employees Defendants John Doe I and II, who failed to maintain a safe premises on the date in question. The premises in question was under the exclusive control of Defendants and Defendants had a duty to its business invitees, including Plaintiff, to keep said premises reasonably safe and free of hazardous conditions. Defendants breached that duty to Plaintiff.

6. As a direct and proximate result of the trip and fall Plaintiff Peter M. Johnson sustained severe bodily injuries requiring medical treatment. Said injuries caused physical and mental pain and suffering, disability, loss of income, medical and

*Johnson v Home Depot, et al* – Complaint
Page 2 of 3

out of pocket expenses, loss of consortium damages to Plaintiff Lisa Johnson, and other consequential damages in an aggregate amount greater than $50,000, a more exact figure to be proved at trial.

7. The resulting injuries to Plaintiffs were solely the fault of the negligence of the Defendants and Plaintiffs did not contribute in any degree to the cause of the trip and fall and their respective injuries suffered as a result.

8. Defendants are liable to Plaintiffs for all injuries and resultant damages sustained by Plaintiffs as caused by the Defendants' negligence in failing to maintain a safe store premises for its business invitees, including Plaintiffs.

### PRAYER

THEREFORE, based on the foregoing, Plaintiffs pray for judgment as follows:

1. A money judgment against Defendants in an amount greater than $50,000, a more precise amount to be proved at trial.

2. Costs, interest and attorney fees as allowed by law.

3. All other relief the court deems just.

DATED this 22 day of October, 2008, at Anchorage, Alaska.

Law Office of Kenneth A. Norsworthy, LLC
Attorney for Plaintiffs

By _____
Kenneth A. Norsworthy
Alaska Bar No. 7705055

Johnson v Home Depot, et al – Complaint
Page 3 of 3
Case 3:08-cv-00256-TMB   Document 1-3   Filed 11/18/08   Page 3 of 3
Exhibit B
Page 3 of 3 Pages